UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY S. SHARP,

Plaintiff,

vs.

Case No. 12-CV-14772
HON. GEORGE CARAM STEEH
MAG. JUDGE MARK A. RANDON

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____________________________/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [DOC. 25]

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Tammy S. Sharp's claim for judicial review of defendant Commissioner of Social Security's decision that she is not entitled to social security disability and supplemental security income benefits. On December 20, 2013, Magistrate Judge Randon issued a report and recommendation recommending that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted. The court has reviewed the file, record, and magistrate judge's report and recommendation. Sharp has filed objections to that report which this court has considered. Sharp complains that the administrative law judge ("ALJ") made an erroneous credibility determination and an inaccurate residual functional capacity assessment ("RFC"). For the reasons set forth below, this court shall accept and adopt the magistrate judge's report.

The facts of this case are set forth in the magistrate judge's report and

recommendation and upon review of the record, the court accepts the recitation of the facts set forth there as the factual findings of this court.

STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. See 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

ANALYSIS

A. Substantial Evidence Supported the ALJ's Determination that Plaintiff Was Not Credible.

Sharp argues that the ALJ improperly discounted her testimony as not credible as it related to her knee pain and back pain. Specifically, Sharp contends that there was substantial evidence in the record as to her alleged disabling knee condition, including (1) treatment notes, (2) hospital records of her emergency room visits, and (3) x-rays performed on May 2, 2010 and January 1, 2011. The ALJ considered this

evidence and determined that although Sharp suffers degenerative disease of the left knee, it was not so persistent or severe as to be disabling where the first medical evidence of record is dated May, 2010 and Sharp worked the next day; she reported knee pain as worsening in 2007, but also claimed it had been present for over 20 years; Sharp walked without a cane, or other assistant device, to her consultative exam, and was able to rise from her chair and get on and off the examination table. The ALJ noted that other objective findings failed to support her allegations of disabling knee symptoms, including Dr. Leonidas Rojas's examination, the fact that she displayed normal findings at her 2011 emergency room visit and that x-rays of her left knee, ankle, and foot were negative. The ALJ's discounting of plaintiff's testimony relating to her left knee pain is supported by the record.

Sharp also argues that the ALJ improperly dismissed her testimony as to her back pain when the record evidence supported her testimony. Specifically, Sharp relies on (1) a May 2, 2010 MRI of her spine, (2) her July 23, 2010 emergency room visit, and (3) a December, 2010 cervical MRI. The ALJ discussed the May MRI but found that "[w]ith the exception of her knee, the majority of clinical and examination findings are normal or within normal limits." As to the July, 2010 emergency room visit, the ALJ found that the diagnosis was merely joint pain and a prescription for prednisone. The magistrate judge agreed that the ALJ did not expressly discuss the finding of the December, 2010 MRI, but found any error harmless where those findings were largely normal. The ALJ accounted for Sharp's back problems by limiting the amount she could sit and stand and by restricting her postural movements.

"Discounting credibility to a certain degree is appropriate where an ALJ finds

contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Comm'r of Soc. Sec. 127 F.3d 525, 531 (6th Cir. 1997). An ALJ's finding concerning the credibility of an applicant is entitled to great weight and deference. Id. The ALJ's determination, in this case, that the overall weight of the evidence was inconsistent with Sharp's allegations of her limitations is supported by the record.

2. The ALJ Properly Analyzed Sharp's Residual Functional Capacity

Sharp argues that the ALJ failed to create an accurate RFC assessment because he considered that she could stoop occasionally, but she claims she cannot stoop at all. Dr. Lojas stated that Sharp was limited in her ability to stoop, but found that she was able to perform light or sedentary work. While Sharp is correct that her treating physician, Dr. Pierre, opined that she could not stoop at all, the ALJ afforded his opinion little weight and in her motion for summary judgment, Sharp did not advance an argument pertaining to the ALJ's weight of opinion evidence.

## CONCLUSION

IT IS HEREBY ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's report and recommendation (Doc. 25).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (Doc. 22) hereby is GRANTED, plaintiff's motion for summary judgment (Doc. 18) hereby is DENIED, plaintiff's objections (Doc. 26) hereby are OVERRULED, and Sharp's claim hereby is DISMISSED with prejudice.

Dated: February 11, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 11, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk